IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE - : MAGISTRATE'S NO. 97-675-M
SEALING ORDERS :
:

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                          October 19, 2011
United States Magistrate Judge

Richard Boxley, an inmate at the State Correctional Institution at Graterford, Pennsylvania, made a Freedom of Information Act ("FOIA") Request upon the Federal Bureau of Investigation ("FBI"). Encompassed in that request were certain court documents which were filed under seal by orders entered by five different Magistrate Judges of this Court in 1998.

The United States Department of Justice has requested this court to advise "whether the above-referenced sealing orders were intended to prohibit disclosure of the records under the FOIA." (Letter dated September 16, 2011 sent by Associate Director Janice Galli McLeod to Chief Judge J. Curtis Joyner). Chief Judge Joyner referred this issue to the undersigned for a Report and Recommendation. For the following reasons, the undersigned recommends that the court find that the sealed orders in question were intended by all the Magistrate Judges to prohibit disclosure of the records under the FOIA.

The records in question were filed in connection with a Criminal Complaint filed under Magistrate's No. 97-675-1, alleging that Richard Boxley unlawfully fled to avoid prosecution for criminal homicide in violation of 18 U.S.C. § 1073. During the year 1998, various "Applications" made by the government were ordered sealed by Magistrate Judges Carol Sandra Moore Wells, Thomas J. Rueter, Charles B. Smith, M. Faith Angell and Diane M. Welsh.

The Clerk of Court has advised that pursuant to a November 28, 2007 Order signed by former Chief Judge Harvey Bartle, III, all records in 97-675-M that were in the possession of this court have been destroyed. Therefore, the undersigned only can surmise the contents of the sealed Applications. Based on over seventeen years of experience as a Magistrate Judge, the undersigned assumes that the applications placed under seal concerned Applications for pen registers, trap and trace devices or disclosure of telephone records, which are commonly sought by the government to locate a fugitive such as Mr. Boxley. See 18 U.S.C. § 3122; 28 U.S.C. § 1651. Many times, these applications contain sensitive information from confidential informants which must be sealed from public disclosure to protect informants and to prevent the compromise of ongoing investigations. Thus, I am confident in concluding that the intent of the judicial officials in entering these orders was to prohibit disclosure of the sealed records under the FOIA. I also conferred with two other Magistrate Judges who signed the sealing orders and who remain on our court. Both Chief Magistrate Judge Wells and Magistrate Judge Angell agree with the aforementioned discussion regarding the intent of the sealing orders.

Accordingly, I respectfully recommend that Chief Judge J. Curtis Joyner adopt this Report and Recommendation and find that the sealing orders entered in the above-captioned matter were intended to prohibit the disclosure of the records under the FOIA.

BY THE COURT:

THOMAS J. RUETER
United States Magistrate Judge